## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MIRANDA FERRAND, individually, and on behalf of the ESTATE OF CIAYA WHETSTONE; and BURNETTE WHETSTONE, individually, and on behalf of the ESTATE OF CIAYA WHETSTONE** | * * * * * * | **CIVIL ACTION NO.:** |
| | | **JUDGE:** |
| | | **MAGISTRATE:** |
| **VERSUS** | * * | |
| **UBER TECHNOLOGIES, LLC, d/b/a UBER and JOHN DOE** | * * * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE, Defendant, Uber Technologies, Inc. (improperly named, "Uber Technologies, LLC") ("UTI") by and through undersigned counsel, who hereby submits this Notice of Removal of the state court action referenced herein to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332, 1367, 1441, and 1446. In support of its removal, Rasier respectfully avers as follows:

## <u>BACKGROUND</u>

I.

On February 17, 2023, Plaintiff, Miranda Ferrand, individually, and on behalf of the Estate of Ciaya Whetstone and Burnette Whetstone, individually, and on behalf of the Estate of Ciaya Whetstone filed a Petition for Wrongful Death captioned "*MIRANDA FERRAND, individually, and on behalf of the ESTATE OF CIAYA WHETSTONE; and BURNETTE WHETSTONE, individually, and on behalf of the ESTATE OF CIAYA WHETSTONE versus UBER*

*TECHNOLOGIES, LLC, d/b/a UBER and JOHN DOE*," bearing suit number 2023-1461, in the Civil District Court for the Parish of Orleans, State of Louisiana.[1]

II.

Plaintiffs asserted wrongful death and survival claims arising from the death of their daughter, Ciaya Whetstone, as a result of incident or incidents that occurred on or about February 18th and 19th of 2022.[2]  Plaintiff alleges that a driver, John Doe, provided Whetstone a ride, during which he contributed and/or caused Whetstone to suffer injury and/or harm, resulting in her ultimately passing away on February 19, 2022.[3]

III.

Plaintiff alleges that at the time of the incident or incidents, John Doe was retained by UTI to operate pay for hire ride share services, and that he was acting in the course and scope of employment with UTI.[4]

## DIVERSITY OF CITIZENSHIP

IV.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon complete diversity of citizenship.

V.

The Petition alleges that Plaintiffs are domiciled in Bamberg, South Carolina.[5] Accordingly, Plaintiffs are considered citizens of South Carolina for the purposes of diversity

---

[1] See Plaintiffs' Petition for Wrongful Death, attached as Exhibit A.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*, at p. 1.

jurisdiction.

## VI.

UTI  is a Delaware corporation with its principal place of business in San Francisco, California.  Therefore, for purposes of citizenship, UTI is a citizen of California.

## VII.

The remaining defendants named in Plaintiffs' Petition are fictitious and, as a matter of law, fictitiously named defendants must be disregarded when determining basis of jurisdiction under 28 U.S.C. § 1332(a).[6]

## VIII.

Further, while John Doe is claimed to be a resident of Orleans Parish in the State of Louisiana, the forum defendant rule does not defeat the Court's exercise of its removal jurisdiction since John Doe has not yet been served.[7]  28 U.S.C. § 1441(b)(2) provides that "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought". While John Doe has been named as a defendant in this action and is alleged to be domiciled in Louisiana at the time of the filing of this Notice of Removal, he is fictitious and thus no service has been perfected on John Doe. Accordingly, the local forum rule does not and will not defeat this Court's removal jurisdiction. Further, any later identification of John Doe and perfection of service on him would not prevent a federal court's diversity jurisdiction over this matter, even if he is domiciled in Louisiana.[8]

---

[6] 28 U.S.C. § 1441(b).
[7] *Harvey v. Shelter Ins. Co.*, No. CIV.A. 13-392, 2013 WL 1768658 (E.D. La. Apr. 24, 2013); see also, *Leech v. 3M Co.*, 278 F. Supp. 3d 933, 942 (E.D. La. 2017)
[8] *Id*.

IX.

Accordingly, pursuant to 28 U.S.C. § 1332, this court has jurisdiction over this matter based upon complete diversity of citizenship among Plaintiffs and the non-fictitiously named, and properly joined and served Defendants.

## AMOUNT IN CONTROVERSY

X.

If it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, jurisdiction is established.[9]   In Plaintiffs' Petition, they seek wrongful death and survival damages for the death of their daughter.  Wrongful death damages alone sufficiently exceed the $75,000 requirement.  *Brown v. State*, 166 So.3d 1197 (La.App. 3 Cir. 2015) (wrongful death damages of $450,000 for death of a child in motor vehicle accident); *Hardy v. Augustine*, 55 So.3d 1019 (La.App. 3 Cir. 2011) (wrongful death damages of $300,000 for death of a child); *Barthel v. DOT & Dev.*, 917 So.2d 15 (La.App. 1 Cir. 2005) (wrongful death damages of $500,000 for death of a child); *Monk v. Sate Ex Rel. DOTD*, 908 So.2d 688 (La.App. 3 Cir. 2005) (wrongful death damages of $350,000 for death of child).

XI.

Thus, the $75,000 amount in controversy requirement of 28 USC § 1332 is satisfied.

## REMOVAL IS PROPER

XII.

Notices of removal are governed by 28 U.S.C. §1446(b), which provides that, "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons… to file the notice of removal."   On May 3, 2023, Rasier was served with Plaintiffs'

---

[9] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).

Petition and filed this removal within 30 days of that service. Accordingly, the instant removal is timely.

XIII.

The only other defendants are fictitious that have not been served and, thus, no other consent is necessary to remove this matter to federal court.[10]

XIV.

The United States Court for the Eastern District of Louisiana is the federal judicial district embracing Civil District Court for the Parish of Orleans, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. § 1441(a).

XV.

Since there is complete diversity of citizenship between Plaintiff and UTI, the only party properly joined and served, and because the amount in controversy unequivocally exceeds $75,000, exclusive of interest and costs, this court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 and 1367. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441 and 1446.

XVI.

UTI has good and sufficient defenses to the Plaintiffs' claims for relief and disputes all rights to the relief prayed for in Plaintiffs' Petition for Wrongful Death.

WHEREFORE, Defendant, Uber Technologies, Inc., prays that the above-entitled cause on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Eastern District of Louisiana and other determinations as required by law.

---

[10] 28 U.S.C.A. § 1446 (2) (A), provides that "When a civil action is removed solely under section 1441(a), all defendants who have been properly *joined and served* must join in or consent to the removal of the action."

5

Respectfully submitted,

_____/s/ Jared A. Davidson_____
Paula M. Wellons, La. Bar No. 19028
pwellons@twpdlaw.com
Jared A. Davidson, La. Bar No. 32419
jdavidson@twpdlaw.com
Taylor, Wellons, Politz & Duhe, LLC
1555 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone:  (504) 525-9888
Facsimile:  (504) 525-9899

**Counsel for Uber Technologies, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Notice of Removal* has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System.  I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 8th day of May, 2023.

_____/s/ Jared A Davidson_____
TAYLOR, WELLONS, POLITZ & DUHE, LLC